UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SADE AMSTERDAM,

                                    Plaintiff,

                    -against-

TAFT COMMUNICATIONS; RF BINDER;
TED DEUTSCH,

                                    Defendants.

ORDER OF SERVICE

25-CV-10079 (ER)

RAMOS, D.J.:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her race. By order dated December 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to: (1) issue a summons for each Defendant, complete the USM-285 form with the address for Defendants Taft Communications, RF Binder, and Ted Deutsch, and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:  December 17, 2025
        New York, New York

_____
            Edgardo Ramos, U.S.D.J.

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Taft Communications
      950 Third Avenue, 8th Floor
      New York, N.Y. 10022

2.    RF Binder
      950 Third Avenue, 8th Floor
      New York, N.Y. 10022

3.    Ted Deutsch
      Executive Managing Director
      950 Third Avenue, 8th Floor
      New York, N.Y. 10022